Liza M. Walsh
Christine I. Gannon
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Counsel for Plaintiff*
*Bristol-Myers Squibb Company*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRISTOL-MYERS SQUIBB COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>LUPIN LIMITED; LUPIN INC.; and<br>LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | Civil Action No. _____<br><br><br>***Electronically Filed*** |

### COMPLAINT

Plaintiff, Bristol-Myers Squibb Company, by its undersigned attorneys, for their Complaint against Defendants, Lupin Limited, Lupin Inc., and Lupin Pharmaceuticals, Inc., hereby allege as follows:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Food and Drug Laws and Patent Laws of the United States, Titles 21 and 35 of the United States Code, respectively, arising from Defendants' submissions of an Abbreviated New Drug Applications ("ANDA") to the Food and Drug Administration ("FDA") seeking approval to manufacture and sell generic version of

Plaintiff's SPRYCEL® (dasatinib) tablets prior to the expiration of United States Patent Nos. 7,491,725 and/or 8,680,103.

## THE PARTIES

2. Plaintiff Bristol-Myers Squibb Company ("BMS") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at Route 206 and Province Line Road, Princeton, New Jersey 08540.

3. On information and belief, Defendant Lupin Limited ("Lupin Ltd.") is a corporation organized and existing under the laws of India, having a principal place of business at B/4 Laxmi Towers, Bandra Kurla Complex, Bandra (E), Mumbai, 400 051, India.

4. On information and belief, Defendant Lupin Ltd. controls and directs a wholly owned subsidiary in the United States named Lupin Inc. ("Lupin Inc."). Lupin Inc. is a Delaware corporation having a principal place of business at 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202.

5. On information and belief, Defendant Lupin Ltd. and Lupin Inc. collectively own the entirety of Lupin Pharmaceuticals, Inc. ("LPI"). LPI is a Delaware corporation having a principal place of business at 111 S. Calvert Street, 21st Floor, Baltimore, MD 21202.

6. On information and belief, Lupin Inc. and LPI are acting on behalf of, at the direction, and for the benefit, of Lupin Ltd., and are controlled and/or dominated by Lupin Ltd. with respect to ANDA No. 214350.

7. Lupin Ltd., Lupin Inc. and LPI are collectively referred to hereinafter as "Lupin."

8. On information and belief, Lupin Ltd. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States,

including within the state of New Jersey, through its own actions and through the actions of its agents and subsidiaries, including Lupin Inc. and LPI, from which Lupin Ltd. derives a substantial portion of its revenue.

9.    On information and belief, Lupin Inc. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of New Jersey.

10.    On information and belief, LPI. is in the business of, among other things, developing, preparing, manufacturing, selling, marketing, and distributing generic drugs, including distributing, selling, and marketing generic drugs throughout the United States, including within the state of New Jersey.

11.    On information and belief, Lupin Inc. and LPI have at least one regular and established place of business in the State of New Jersey, including but not limited to manufacturing and research operations at the following business address: 400 Campus Drive, Somerset, New Jersey 08873.

12.    On information and belief, LPI is registered to do business in New Jersey under entity identification numbers 01010433766 and/or 0100953673.

13.    On information and belief, LPI is currently registered as a manufacturer and wholesaler in New Jersey under registration number 5005159 and/or 5004060.

14.    On information and belief, Lupin Inc. is listed as the applicant of ANDA No. 214350 (the "Lupin ANDA") and has sent notice to BMS stating that Lupin Inc. had included a certification in the Lupin ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV).

15.     On information and belief, LPI is listed as a manufacturer and distributor of Lupin ANDA Products in the Lupin ANDA.

16.     On information and belief, Lupin Ltd. acted in concert with Lupin Inc. and LPI to prepare and submit the "Lupin ANDA" for Lupin Ltd.'s 20 mg, 50 mg, 70 mg, 80 mg, 100 mg and 140 mg dasatinib tablets ("Lupin ANDA Products").

17.     On information and belief, Lupin Inc. acted in concert with Lupin Ltd. and LPI to prepare and submit the Lupin ANDA for the Lupin ANDA Products, which was done at the direction of, under the control of, and for the direct benefit of Lupin Ltd.

18.     On information and belief, following FDA approval of the Lupin ANDA, Lupin Ltd., Lupin Inc. and LPI will manufacture, promote, market, sell, offer for sale, import, use, and/or distribute the Lupin ANDA Products throughout the United States including in New Jersey.

## JURISDICTION AND VENUE

19.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, generally, and 35 U.S.C. § 271(e)(2), specifically, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

20.     Venue is proper in this Court as to Lupin Ltd. because, among other things, Lupin Ltd. is a foreign corporation not residing in any United States district and may be sued in any judicial district. 28 U.S.C. § 1391(c); *see also* 28 U.S.C. § 1400(b).

21.     Venue is proper in this Court as to Lupin Inc. because, among other things, Lupin Inc. has a regular and established place of business in this district, and has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the asserted patent that will lead to foreseeable harm and injury to BMS by filing or assisting in filing the Lupin ANDA in New Jersey with the intention of seeking to market the Lupin ANDA Products nationwide, including within New Jersey. 28 U.S.C. § 1400(b).

22.     Venue is proper in this Court as to LPI because, among other things, LPI has a regular and established place of business in this district, and has committed or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of the asserted patent that will lead to foreseeable harm and injury to BMS by filing or assisting in filing the Lupin ANDA in New Jersey with the intention of seeking to market the Lupin ANDA Products nationwide, including within New Jersey. 28 U.S.C. § 1400(b).

23.     Moreover, Lupin has not contested venue in New Jersey in one or more prior cases arising out of the filing of its ANDAs. *See, e.g., Jazz Pharm., Inc. v. Lupin Ltd.*, C.A. No. 13-00391, Dkt. 222 (D.N.J. Feb. 26, 2016) (Lupin Inc.); *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, C.A. No. 14-07105, Dkt. 11 (D.N.J. Nov. 20, 2014) (Lupin Ltd. and LPI); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, C.A. No. 15-06935, Dkt. 16 (D.N.J. Oct. 22, 2015) (Lupin Ltd. and LPI); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, C.A. No. 16-01097, Dkt. 7 (D.N.J. Jul. 18, 2016) (Lupin Ltd. and LPI); *Endo Pharm., Inc. v. Lupin Atlantis Holdings SA*, C.A. No. 18-10952, Dkt. 106 (D.N.J. Oct. 2, 2018) (Lupin Inc.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, C.A. No. 18-12663, Dkt. 23 (D.N.J. Oct. 30, 2018) (Lupin Ltd.); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, C.A. No. 18-13700, Dkt. 12 (D.N.J. Jan. 28, 2019) (Lupin Ltd.); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, C.A. No. 18-16708, Dkt. 15 (D.N.J. Feb. 1, 2019) (Lupin Ltd.); *Bausch Health Ireland Ltd. v. Lupin Inc.*, C.A. No. 19-09178, Dkt. 12 (D.N.J. Jul. 18, 2019) (Lupin Inc.).

## **PERSONAL JURISDICTION OVER LUPIN LTD.**

24.     Plaintiff realleges paragraphs 1-23 as if fully set forth herein.

25.     This Court has personal jurisdiction over Lupin Ltd. because, *inter alia*, Lupin Ltd., on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its wholly-owned subsidiaries or agents; (2) intends to

market, sell, and/or distribute the Lupin ANDA Products to residents of this State upon approval of the Lupin ANDA, either directly or through at least one of its wholly-owned subsidiaries or agents; and (3) enjoys substantial income from sales of its generic pharmaceutical products in this State on its own and through Lupin Inc. and LPI.

26. This Court has personal jurisdiction over Lupin Ltd. because, *inter alia*, Lupin Ltd. itself, and through its wholly owned subsidiaries Lupin Inc. and LPI, purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being sued in this Court. On information and belief, Lupin Ltd. itself, and through its wholly owned subsidiaries Lupin Inc. and LPI, developed, manufactured, imports, markets, distributes, uses, offers to sell, and/or sells generic drugs throughout the United States, including in the State of New Jersey, and therefore transacts business within the State of New Jersey related to BMS's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

27. On information and belief, Lupin Ltd. is subject to personal jurisdiction in New Jersey because it controls and dominates Lupin Inc. and LPI and therefore the activities of Lupin Inc. and LPI in this jurisdiction are attributed to Lupin Ltd.

28. On information and belief, Lupin Ltd. has not contested jurisdiction in New Jersey in one or more prior cases arising out of the filing of its ANDAs. *See, e.g.*, *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, C.A. No. 14-07105, Dkt. 11 (D.N.J. Nov. 20, 2014); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, C.A. No. 15-06935, Dkt. 16 (D.N.J. Oct. 22, 2015); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, C.A. No. 16-01097, Dkt. 7 (D.N.J. Jul. 18, 2016); *Sun Pharma GlobalFZE v. Lupin Ltd.,* C.A. No. 18-02213, Dkt. 12 (D.N.J. May 15, 2018); *Boehringer Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, C.A. No. 18-12663, Dkt. 23 (D.N.J. Oct. 30, 2018); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, C.A. No. 18-13700, Dkt. 12 (D.N.J. Jan. 28, 2019); *Boehringer*

6

*Ingelheim Pharm., Inc. v. Lupin Atlantis Holdings SA*, C.A. No. 18-16708, Dkt. 15 (D.N.J. Feb. 1, 2019).

29.     On information and belief, Lupin Ltd. has filed counterclaims in New Jersey in one or more prior cases arising out of the filing of its ANDAs. *See, e.g.*, *Jazz Pharm., Inc. v. Lupin Ltd.*, C.A. No. 13-00391, Dkt. 222 (D.N.J. Feb. 26, 2016); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, C.A. No. 15-06935, Dkt. 16 (D.N.J. Oct. 22, 2015); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, C.A. No. 16-01097, Dkt. 7 (D.N.J. Jul. 18, 2016); *Sun Pharma GlobalFZE v. Lupin Ltd.,* C.A. No. 18-02213, Dkt. 12 (D.N.J. May 15, 2018); *Valeant Pharm. N. Am. LLC v. Lupin Ltd.*, C.A. No. 18-13700, Dkt. 12 (D.N.J. Jan. 28, 2019).

30.     Alternatively, to the extent the above facts do not establish personal jurisdiction over Lupin Ltd., this Court may exercise jurisdiction over Lupin Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiff's claims arise under federal law; (b) Lupin Ltd. would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Lupin Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Lupin Ltd. satisfies due process, and is consistent with the United States Constitution and Laws.

## PERSONAL JURISDICTION OVER LUPIN INC.

31.     Plaintiff realleges paragraphs 1-30 as if fully set forth herein.

32.     On information and belief, Lupin Inc. develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

33.     This Court has personal jurisdiction over Lupin Inc. because, *inter alia*, Lupin Inc., on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its subsidiaries or agents; (2) intends to market, sell, or

distribute the Lupin ANDA Products to residents of this State upon approval of the Lupin ANDA; (3) makes its generic drug products available in this State; (4) enjoys substantial income from sales of its generic pharmaceutical products in this State.

34. This Court has personal jurisdiction over Lupin Inc. because, *inter alia,* Lupin Inc., on information and belief, has submitted the Lupin ANDA from its address at 400 Campus Drive, Somerset, New Jersey 08873.

35. This Court has personal jurisdiction over Lupin Inc. because *inter alia*, Lupin Inc. develops, manufactures, imports, markets, distributes, uses, offers to sell, and/or sells generic drugs throughout the United States, including in the States of New Jersey, and therefore transacts business within the State of New Jersey related to BMS's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

36. On information and belief, Lupin Inc. has not contested jurisdiction in New Jersey in one or more prior cases arising out of the filing of its ANDAs. *See, e.g.*, *Endo Pharm., Inc. v. Lupin Atlantis Holdings SA*, C.A. No. 18-10952, Dkt. 106 (D.N.J. Oct. 2, 2018); *Bausch Health Ireland Ltd. v. Lupin Inc.*, C.A. No. 19-09178, Dkt. 12 (D.N.J. Jul. 18, 2019).

37. On information and belief, Lupin Inc. has filed counterclaims in New Jersey in one or more prior cases arising out of the filing of its ANDAs. *See, e.g.*, *Jazz Pharm., Inc. v. Lupin Ltd.*, C.A. No. 13-00391, Dkt. 222 (D.N.J. Feb. 26, 2016); *Endo Pharm., Inc. v. Lupin Atlantis Holdings SA,* C.A. No. 18-10952, Dkt. 106 (D.N.J. Oct. 2, 2018).

## PERSONAL JURISDICTION OVER LPI

38. Plaintiff realleges paragraphs 1-37 as if fully set forth herein.

39. On information and belief, LPI develops, manufactures, and/or distributes generic drugs for sale and use throughout the United States, including in this judicial district.

40.    On information and belief, LPI has and continues to offer for sale and distribute dozens of types of generic products throughout the United States, including in this judicial district. *See, e.g.,* https://www.lupin.com/our-business/global-research-and-manufacturing-facilities/products/.

41.    This Court has personal jurisdiction over LPI because, *inter alia*, LPI, on information and belief: (1) has substantial, continuous, and systematic contacts with this State, either directly or through at least one of its subsidiaries or agents; (2) intends to market, sell, or distribute the Lupin ANDA Products to residents of this State upon approval of the Lupin ANDA; (3) makes its generic drug products available in this State; and (4) enjoys substantial income from sales of its generic pharmaceutical products in this State.

42.    This Court has personal jurisdiction over LPI because *inter alia*, LPI develops, manufactures, imports, markets, distributes, uses, offers to sell, and/or sells generic drugs throughout the United States, including in the States of New Jersey, and therefore transacts business within the State of New Jersey related to BMS's claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.

43.    This Court has personal jurisdiction over LPI because LPI is a corporation with a regular and established place of business in New Jersey.

44.    On information and belief, LPI is registered as "Manufacturer and Wholesale" with the State of New Jersey's Department of Health under Registration Nos. 5004060 and 5005159.

45.    On information and belief, LPI is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID Nos. 0100953672 and 0101043376.

9

46.   On information and belief, LPI has not contested jurisdiction in New Jersey in one or more prior cases arising out of the filing of its ANDAs, and it has filed counterclaims in such cases. *See, e.g.*, *Otsuka Pharm. Co., Ltd. v. Lupin Ltd.*, C.A. No. 14-07105, Dkt. 11 (D.N.J. Nov. 20, 2014); *Horizon Pharma Ireland Ltd. v. Lupin Ltd.*, C.A. No. 15-06935, Dkt. 16 (D.N.J. Oct. 22, 2015); *Senju Pharm. Co., Ltd. v. Lupin Ltd.*, C.A. No. 16-01097, Dkt. 7 (D.N.J. Jul. 18, 2016); *Sun Pharma GlobalFZE v. Lupin Ltd.,* C.A. No. 18-02213, Dkt. 12 (D.N.J. May 15, 2018).

47.   On information and belief, LPI has filed counterclaims in New Jersey in one or more prior cases arising out of the filing of its ANDAs. *See, e.g.*, *Jazz Pharm., Inc. v. Lupin Ltd.*, C.A. No. 13-00391, Dkt. 222 (D.N.J. Feb. 26, 2016).

## BACKGROUND

### U.S. PATENT NO. 7,491,725

48.   On February 17, 2009, the USPTO duly and legally issued United States Patent No. 7,491,725 ("the '725 patent") entitled "Process for preparing 2-aminothiazole-5-aromatic carboxamides as kinase inhibitors" to inventors Jean Lajeunesse, John D. DiMarco, Michael Galella, and Ramakrishnan Chidambaram. A true and correct copy of the '725 patent is attached as Exhibit 1. The '725 patent is assigned to BMS.

### U.S. PATENT NO. 8,680,103

49.   On March 25, 2014, the USPTO duly and legally issued United States Patent No. 8,680,103 ("the '103 patent") entitled "Process for preparing 2-aminothiazole-5-aromatic carboxamides as kinase inhibitors" to inventors Jean Lajeunesse, John D. DiMarco, Michael Galella, and Ramakrishnan Chidambaram. A true and correct copy of the '103 patent is attached as Exhibit 2. The '103 patent is assigned to BMS.

### SPRYCEL<sup>®</sup>

50. BMS is the holder of New Drug Application ("NDA") No. 029186 for dasatinib, for oral use, in 20 mg, 50 mg, 70 mg, 80 mg, 100 mg, and 140 mg dosages, which is sold under the trade name SPRYCEL<sup>®</sup>.

51. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '725 and '103 patents are among the patents listed in the Orange Book with respect to SPRYCEL<sup>®</sup>.

52. The '725 and '103 patents cover the SPRYCEL<sup>®</sup> product.

### ACTS GIVING RISE TO THIS ACTION

### COUNT I—INFRINGEMENT OF THE '725 PATENT

53. Plaintiff realleges paragraphs 1-52 as if fully set forth herein.

54. On information and belief, Lupin submitted the Lupin ANDA to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to market the Lupin ANDA Products.

55. Lupin has represented that the Lupin ANDA refers to and relies upon the SPRYCEL<sup>®</sup> NDA, and contains data that, according to Lupin, demonstrate the bioavailability or bioequivalence of the Lupin ANDA Products to SPRYCEL<sup>®</sup>.

56. Plaintiff received a letter from Lupin on or about May 14, 2020 stating that Lupin had included a certification in the Lupin ANDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that, *inter alia*, certain claims of the '725 and '103 patents are either invalid or will not be infringed by the commercial manufacture, use, or sale of the Lupin ANDA Products (the "Lupin Paragraph IV Certification"). Lupin intends to engage in the commercial manufacture, use, offer for sale, and/or sale of the Lupin ANDA Products prior to the expiration of the '725 and '103 patents.

57. Subsequent to sending the Lupin Paragraph IV Certification, Lupin has refused to provide information relevant to an infringement analysis of the '725 and '103 patents in response

11

to pre-suit inquiries, including requests for samples and Lupin's Drug Master File related to its ANDA product. *See Hoffman-La Roche, Inc. v. Invamed, Inc.,* 213 F.3d 1359, 1363-1364 (Fed. Cir. 2000).

58.    Lupin has infringed at least one claim of the '725 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Lupin ANDA, by which Lupin seeks approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Lupin ANDA Products prior to the expiration of the '725 patent.

59.    Lupin has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Lupin ANDA Products in the event that the FDA approves the Lupin ANDA. Accordingly, an actual and immediate controversy exists regarding Lupin's infringement of the '725 patent under 35 U.S.C. §§ 271 (a), (b) and/or (c).

60.    Lupin's manufacture, use, offer to sell, or sale of the Lupin ANDA Products in the United States or importation of the Lupin ANDA Products into the United States during the term of the '725 patent would further infringe, literally or under the doctrine of equivalents, at least one claim of the '725 patent under 35 U.S.C. §§ 271 (a), (b) and/or (c).

61.    On information and belief, the Lupin ANDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '725 patent either literally or under the doctrine of equivalents.

62.    On information and belief, the use of the Lupin ANDA Products constitutes a material part of at least one of the claims of the '725 patent; Lupin knows that the Lupin ANDA Products are especially made or adapted for use in infringing at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents; and the Lupin ANDA Products are not

staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

63.    On information and belief, the offering to sell, sale, and/or importation of the Lupin ANDA Products would contributorily infringe at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents.

64.    On information and belief, Lupin had knowledge of the '725 patent and, by its promotional activities and package inserts for its ANDA Products, knows or should know that they will aid and abet another's direct infringement of at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents.

65.    On information and belief, the offering to sell, sale, and/or importation of the Lupin ANDA Products by Lupin would actively induce infringement of at least one of the claims of the '725 patent, either literally or under the doctrine of equivalents.

66.    Plaintiff will be substantially and irreparably harmed if Lupin is not enjoined from infringing the '725 patent.

67.    This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of BMS's reasonable attorney fees.

68.    On information and belief, based on the information provided by Lupin to date, the factual contentions in paragraph 54-67 have evidentiary support. On information and belief, the factual contentions in paragraphs 54-67 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

### COUNT II—INFRINGEMENT OF THE '103 PATENT

69.    Plaintiff realleges paragraphs 1-68 as if fully set forth herein.

70.    Lupin has infringed at least one claim of the '103 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting, or causing to be submitted the Lupin ANDA, by which Lupin seeks

approval from the FDA to engage in the manufacture, use, offer to sell, sale, or importation of the Lupin ANDA Products prior to the expiration of the '103 patent.

71.     Lupin has declared its intent to manufacture, use, offer to sell, or sell in the United States or to import into the United States, the Lupin ANDA Products in the event that the FDA approves the Lupin ANDA. Accordingly, an actual and immediate controversy exists regarding Lupin's infringement of the '103 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

72.     Lupin's manufacture, use, offer to sell, or sale of the Lupin ANDA Products in the United States or importation of the Lupin ANDA Products into the United States during the term of the '103 patent would further infringe at least one claim of the '103 patent under 35 U.S.C. §§ 271 (a), (b), and/or (c).

73.     On information and belief, the Lupin ANDA Products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '103 patent either literally or under the doctrine of equivalents.

74.     On information and belief, the use of the Lupin ANDA Products constitutes a material part of at least one of the claims of the '103 patent; Lupin knows that its ANDA Products are especially made or adapted for use in infringing at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents; and its ANDA Products are not staple articles of commerce or commodities of commerce suitable for substantial noninfringing use.

75.     On information and belief, the offering to sell, sale, and/or importation of the Lupin ANDA Products would contributorily infringe at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents.

76.     On information and belief, Lupin had knowledge of the '103 patent and, by its promotional activities and package inserts for its ANDA Products, knows or should know that they

14

will aid and abet another's direct infringement of at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents.

77.     On information and belief, the offering to sell, sale, and/or importation of the Lupin ANDA Products by Lupin would actively induce infringement of at least one of the claims of the '103 patent, either literally or under the doctrine of equivalents.

78.     Plaintiff will be substantially and irreparably harmed if Lupin is not enjoined from infringing the '103 patent.

79.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of BMS's reasonable attorney fees.

80.     On information and belief, based on the information provided by Lupin to date, the factual contentions in paragraph 70-79 have evidentiary support. On information and belief, the factual contentions in paragraphs 70-79 will have further evidentiary support following a reasonable opportunity for further investigation or discovery.

81.     The foregoing factual contentions in paragraphs 1-80 have evidentiary support, or likely will have evidentiary support after a reasonable opportunity for further investigation and discovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Lupin and for the following relief:

a.  A Judgment be entered that Lupin has infringed at least one claim of the '725 patent by submitting the Lupin ANDA;

b.  A Judgment be entered that Lupin has infringed at least one claim of the '103 patent by submitting the Lupin ANDA;

c.  A Judgment be entered that this case is exceptional, and that Plaintiff is entitled to its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

d.  That Lupin, its officers, agents, servants, employees, and those persons acting in active concert or participation with all or any of them be preliminarily and permanently enjoined from: (i) engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of drugs or methods of administering drugs claimed in the '725 and '103 patents, and (ii) seeking, obtaining or maintaining approval of ANDAs until the expiration of the '725 and '103 patents or such other later time as the Court may determine;

e.  A judgment ordering that pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of Lupin's ANDA under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)) shall not be earlier than the latest of the expiration dates of the '725 and '103 patents, including any extensions;

f.  That Plaintiff be awarded monetary relief if Lupin commercially uses, offers to sell, or sells its respective proposed generic versions of SPRYCEL® or any other product that infringes or induces or contributes to the infringement of the '725 and '103 patents, within the United States, prior to the expiration of those patents, including any extensions, and that any such monetary relief be awarded to Plaintiff with prejudgment interest;

g.  Costs and expenses in this action; and

h.  Such other and further relief as the Court deems just and appropriate.

Dated:  June 25, 2020

Respectfully submitted,

*s/Liza M. Walsh*
Liza M. Walsh
Christine I. Gannon
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

OF COUNSEL:

Leora Ben-Ami
Jeanna M. Wacker
Christopher T. Jagoe
Ashley Ross
Matthew Lembo
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4679

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 AND 40.1

I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other pending or anticipated litigation in any court or arbitration proceeding, but it is related to the following actions:

*Bristol-Myers Squibb Company V. Dr. Reddys Laboratories, Ltd., and Dr. Reddy's Laboratories, Inc.,* Civil Action No. 3:19-cv-18686, pending in the United States District Court, District of New Jersey before the Honorable Michael A. Shipp, U.S.D.J.

Dated: June 25, 2020

WALSH PIZZI O'REILLY FALANGA LLP

*s/Liza M. Walsh*

*OF COUNSEL*:

Leora Ben-Ami
Jeanna M. Wacker
Christopher T. Jagoe
Ashley Ross
Matthew Lembo
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4679

Liza M. Walsh
Christine I. Gannon
William T. Walsh, Jr.
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
(973) 757-1100

*Counsel for Plaintiff*
*Bristol-Myers Squibb Company*

18

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the Plaintiff seeks, inter alia, injunctive relief.


Dated: June 25, 2020                                    WALSH PIZZI O'REILLY FALANGA LLP

                                                        _s/Liza M. Walsh_
*OF COUNSEL*:                                           Liza M. Walsh
                                                        Christine I. Gannon
Leora Ben-Ami                                           William T. Walsh, Jr.
Jeanna M. Wacker                                        WALSH PIZZI O'REILLY FALANGA LLP
Christopher T. Jagoe                                    Three Gateway Center
Ashley Ross                                             100 Mulberry Street, 15th Floor
Matthew Lembo                                           Newark, NJ 07102
KIRKLAND & ELLIS LLP                                    (973) 757-1100
601 Lexington Avenue
New York, NY 10022                                      *Counsel for Plaintiff*
(212) 446-4679                                          *Bristol-Myers Squibb Company*

19